UNITED STATES of America,
Plaintiff–Appellant,

v.

Patricia DELGADO–CARDENAS;
Rosario De Fatima Gonzalez,
Defendants–Appellees.

Nos. 91–50253, 91–50257.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 1992 *.

Decided Sept. 3, 1992.

As Amended Dec. 14, 1992.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and 9th Cir.R. 34–4.

John L. Carlton, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Donald C. Randolph, Randolph & Levanas, Santa Monica, Cal., for defendants-appellees.

Before: HUG and PREGERSON, Circuit Judges, and PECKHAM,** Senior District Judge.

HUG, Circuit Judge:

The Government appeals from the sentences of 72 months' imprisonment imposed upon Patricia Delgado Cardenas and Rosario De Fatima Gonzalez, who pleaded guilty to possession of 6,570 grams of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The mandatory minimum sentence provided by 21 U.S.C. § 841(b)(1)(A), for violations of section 841(a) involving more than one kilogram of heroin, is ten years. The Government did not move for reduction in the sentences pursuant to 18 U.S.C. § 3553(e),[1] which provides for the defendants' substantial assistance, or pursuant to Section 5K1.1 of the Sentencing Guidelines, which implements 18 U.S.C. § 3553(e).[2]  *United States v.*

---

** The Honorable Robert F. Peckham, Senior United States District Judge for the Northern District of California, sitting by designation.

1. Section 3553(e) provides:
   Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.
   18 U.S.C. § 3553(e).

2. Section 5K1.1 provides authority for departure from the Guidelines range if the Government moves for departure on the basis of the defendant's substantial assistance, but it does not create a separate basis for a motion for departure. *Id.* In other words, if the Government moves for departure from the Guidelines

*Keene,* 933 F.2d 711, 714 (9th Cir.1991). However, the court, acting sua sponte, reduced the sentences.

The issues presented on appeal are whether the district court had authority to review the Government's decision not to file a substantial assistance motion, and whether the court erred by imposing terms of imprisonment below the ten-year minimum statutory term.

The district court had jurisdiction under 18 U.S.C. § 3231. The Court of Appeals has jurisdiction to consider the Government's timely appeal under 18 U.S.C. § 3742(b).

## I.

Patricia Delgado and Rosario Gonzalez were arrested at Los Angeles International Airport on May 31, 1989, when customs officials discovered heroin packages inside the purse of Gonzalez and on the bodies of both women. The packages contained a total of 6,570 grams of heroin. On June 13, 1989, Delgado and Gonzalez were charged in a two-count indictment with importing approximately 6,570 grams of heroin in violation of 21 U.S.C. §§ 952(a) and 960 (Count One), and with possession of the heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Two).

Both defendants ultimately agreed to plead guilty to Count Two of the indictment, and the Government agreed in return to move for dismissal of Count One at sentencing. The Government did not promise that it would move for downward departure under 18 U.S.C. § 3553(e) or under section 5K1.1 of the Sentencing Guidelines.

Delgado and Gonzalez made several attempts to assist the Government by providing information and by getting Delgado's sister to provide information. However, none of the information was confirmable or useful to the Government.

Presentence recommendations were filed on January 8, 1990, by the Probation Department, which calculated the Guidelines range at 97–121 months' imprisonment for each defendant. Because of the statutory minimum sentence of ten years' imprisonment for possession with intent to distribute one or more kilograms of heroin, the Probation Department recommended that each defendant be sentenced to ten years' imprisonment. The defendants did not object to the recommendations.

At the sentencing hearing on October 1, 1990, the district court, on its own motion, continued sentencing until December 3, 1990. Judge Hatter stated that he would not sentence defendants to the ten-year statutory minimum, even though defense counsel had not objected, and ordered the Government to "work something out" with defense counsel.

The Government argued that departure was not warranted because the defendants had not provided any useful assistance, and because the assistance of a third party, such as Delgado's sister, would be an inappropriate basis for departure under section 3553(e) and section 5K1.1. Although the Government did not file substantial assistance motions, on March 20, 1991, the district court imposed sentences of 72 months' imprisonment, rather than the statutory minimum of ten years. The court stated that it departed because

factors that are being considered here are ones that are violative of due process and equal protection as applied to these two young women.

If we look at the respective abilities of individuals to provide substantial cooperation or substantial assistance, then we have to have some other measurement [than] whether the government has been successful in using information or the cooperation and assistance which they have received. I look in the instance of these two defendants at their having been incarcerated for some 22 months. I have no reason to believe that they would not have done everything in their power to lessen the sentence for themselves so that they could return to their respective children, to their homes ... I have no reason to believe that they have

range under section 5K1.1, the court has authority to depart from the statutory minimum as well as from the Guidelines range. *Id.;* U.S.S.G. § 5K1.1 comment. n.1.

not provided substantial cooperation, substantial assistance that they are capable of supplying.

That being so, I further find that there has been abusive discretion in there is not being a motion made by the government to go beyond or below the statutory minimum.

## II.

The legality of a sentence is reviewed *de novo*. *United States v. Schiek*, 806 F.2d 943, 944 (9th Cir.1986), *cert. denied*, 481 U.S. 1032, 107 S.Ct. 1962, 95 L.Ed.2d 534 (1987). The factual findings of the district court are reviewed for clear error. *United States v. McConney*, 728 F.2d 1195, 1200 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## III.

The Supreme Court in its recent decision in *Wade v. United States*, —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524, has clarified the issues involved in this case. *Wade*, of course, was not available to the district court at the time of its decision.

■ The Court in *Wade* stated that "in both section 3553(e) and section 5K1.1, the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." *Id.* —— U.S. at ——, 112 S.Ct. at 1843. The Court noted, however, that "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce...." *Id.* —— U.S. at ——, 112 S.Ct. at 1843. Thus, a district court can review a prosecutor's refusal to file a substantial assistance motion and grant relief if the court finds that the refusal was based upon an unconstitutional motive, such as race or religion or that the refusal was not rationally related to any legitimate state objective. *Id.* —— U.S. at ——, 112 S.Ct. at 1843–1844.

■ Generally, a defendant has no right to discovery, to an evidentiary hearing, or to a remedy unless she makes a substantial threshold showing with specific allegations of the improper reasons for the prosecutor's failure to move for departure. No evidence that the Government refused to move for departure because of suspect reasons, or reasons not rationally related to any legitimate government end, was presented by Delgado and Gonzalez. However, the supervisory powers of the court provide the authority to raise sua sponte matters that may affect the rights of criminal defendants. *United States v. Redondo–Lemos*, 955 F.2d 1296, 1298 (9th Cir. 1992). That Judge Hatter raised the issue of whether departure would be appropriate was not error.

■ Here, unlike the record in *Wade*, there is some indication of an unconstitutional basis for the Government's refusal to move for a downward departure as well as evidence of the defendants' assistance to the Government. The district court found evidence of constitutional violations; however, the precise nature of the violations noticed by the district court is unclear.

Accordingly, we vacate Patricia Delgado Cardenas' and Rosario De Fatima Gonzalez's sentences and remand for further proceedings so that the district court may clarify the legal basis of its sentencing decision, make such findings as the Supreme Court's decision in *Wade* requires, and conduct additional proceedings consistent with this decision.

VACATED and REMANDED.