990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dorothy GOLOB, Defendant-Appellant.
 Nos. 92-10458, 92-10460.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dorothy Golob appeals her 121-month sentence imposed following guilty pleas to two counts of conspiracy to distribute methamphetamines in violation of 21 U.S.C. §§ 841(a)(1) and 846. Golob contends that the district erred by (1) not considering whether her extraordinary parental responsibilities and family circumstances warranted a downward departure from the applicable Sentencing Guidelines sentencing range, and (2) failing to depart downward for substantial assistance when the government allegedly had an unconstitutional motive for refusing to request such a departure. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Extraordinary Family Circumstances
 
 
 4
 Golob failed to raise the issue of extraordinary family circumstances as a basis for departure at sentencing but raised it later in a Fed.R.Crim.P. 35(c) motion to correct sentence. The district court, however, properly denied the motion because Golob filed a notice of appeal at the same time. See United States v. Ortega-Lopez, No. 92-50054, slip. op. 1813, 1816-17 (9th Cir. March 3, 1993) (district court is divested of jurisdiction to consider Rule 35 motion to correct sentence once a notice of appeal has been filed). Moreover, the "very narrow" purpose of a Fed.R.Crim.P. 35(c) motion does not encompass delayed requests for downward departure. See Fed.R.Crim.P. 35 advisory committee's note (1991 amendment) ("[T]he Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing."). Because Golob did not request a downward departure based on her extraordinary family circumstances at sentencing, we hold that the issue has been waived. See United States v. Quesada, 972 F.2d 281, 284 (9th Cir.1992) (defendant waives an argument supporting downward departure where she fails to present the issue before the district court), cert. denied, --- U.S. ----, 61 U.S.L.W. 3584 (Feb. 22, 1993).
 
 II
 Substantial Assistance
 
 5
 Golob contends that the district court should have departed downward on the basis of Golob's substantial assistance because the government's refusal to request such a departure was based on an unconstitutional motive. This argument lacks merit.
 
 
 6
 We review de novo the legality of a sentence and for clear error the district court's factual findings underlying the sentencing determinations. United States v. Delgado-Cardenas, 974 F.2d 123, 126 (9th Cir.1992).
 
 
 7
 A prosecutor's discretion in filing a motion for downward departure when a defendant has substantially assisted is subject to constitutional limitations. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992); Delgado-Cardenas, 974 F.2d at 126. A district court can review the prosecutor's refusal to file such a motion and grant relief if it finds that the refusal was based on an unconstitutional motive or that the refusal was not rationally related to any legitimate state objective. Wade, 112 S.Ct. at 1843-44; Delgado-Cardenas, 974 F.2d at 126. A defendant, however, needs to make a "substantial threshold showing" with specific allegations of improper motive by the prosecutor in order to be granted relief. Wade, 112 S.Ct. at 1844 (defendant cannot rely on mere explanation of his extent of assistance but must state for the record what evidence could be introduced); Delgado-Cardenas, 974 F.2d at 126 (same).
 
 
 8
 At sentencing, Golob argued that the government's refusal to file a motion for downward departure based on substantial assistance violated her due process and equal protection rights. She failed, however, to make any specific allegations or provide any evidence to support this claim. Golob did explain the extent of her assistance to the government, but a mere claim that she provided substantial assistance was not sufficient to entitle her to relief. See Wade, 112 S.Ct. at 1844. Accordingly, Golob did not make a "substantial threshold showing" of a constitutional violation, and the district court properly declined to grant relief. See id.; Delgado-Cardenas, 974 F.2d at 126.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Golob's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3