15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Reynaldo HINOJOSA, Defendant-Appellant.
 No. 93-30141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reynaldo Hinojosa, a federal prisoner, appeals pro se the denial of his post-conviction motion for reduction of his sentence. Hinojosa contends that he was denied due process because the government did not make a motion for sentence reduction, and the district court did not depart downward, pursuant to 18 U.S.C. Sec. 3553(e) and U.S.S.G. Sec. 5K1.1. We affirm.
 
 
 3
 On January 2, 1990, following his guilty plea, Hinojosa was convicted of conspiracy, distribution of cocaine, and possession of cocaine. At the sentencing hearing, the government moved for a downward departure of 68 months below Hinojosa's United States Sentencing Guidelines range on the basis of substantial assistance to the authorities. The prosecutor stated that "Mr. Hinojosa has cooperated with us in the investigation of another individual ... who was one of his sources of supply for cocaine, and evidently was the person who actually owned the bulk of the cocaine that Mr. Hinojosa was found in possession of on his arrest last spring." The district court granted the motion. It sentenced Hinojosa to three concurrent terms of 120 months imprisonment and five years supervised release and imposed a $5,000 fine.
 
 
 4
 On February 19, 1993, Hinojosa filed an "Emergency Expedited Motion for Reduction of Sentence pursuant to Rule 35(b)." In the motion, he stated: "Petitioner argues that his due process right guaranteed by the Fifth Amendment were violated when the government failed to move for a 5K1.1 letter to reward him for his substantial assistance to law enforcement agents that culminated in the conviction of two of his Co-defendants." The district court found that Hinojosa was not permitted to bring a Fed.R.Crim.P. 35(b) motion and was not entitled to relief under 28 U.S.C. Sec. 2255.
 
 
 5
 Hinojosa's codefendants Esequiel Salinas and Noe de Jesus Giron were convicted on October 10, 1989. Hinojosa has not made any showing of substantial assistance to the authorities since his sentencing on January 2, 1990. Accordingly the district court did not err by denying relief under Rule 35(b). See Fed.R.Crim.P. 35(b) (upon government motion, district court may reduce sentence on basis of post-judgment assistance to authorities).
 
 
 6
 Hinojosa contends that in addition to the Sec. 5K1.1 motion regarding the anonymous owner of the cocaine, the government also should have made a motion at the sentencing hearing regarding substantial assistance in connection with Salinas and Giron's convictions. This contention lacks merit because Hinojosa has not made any showing that the government's failure to move for a greater downward departure was "based upon an unconstitutional motive." See United States v. Delgado-Cardenas, 974 F.2d 123, 126 (9th Cir.1992) (citing Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992)). Accordingly, the district court did not err by finding that Hinojosa was not entitled to sentence reduction pursuant to 28 U.S.C. Sec. 2255.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Hinojosa's request for additional time to conduct legal research is construed as a second motion to extend the time for filing a reply brief. So construed, the motion is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3