19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Allen STITT, Defendant-Appellant.
 No. 93-10379.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1994.*
Decided March 1, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Allen Stitt (Stitt) appeals the district court's order granting the Government's post-sentence motion for a one-year downward departure in his sentence. He requests a remand for resentencing because the district court did not have the opportunity to consider the cooperation he provided to the authorities at the time his initial sentence was imposed. We reject his argument and affirm.
 
 
 3
 Stitt has failed to establish that the Government's refusal to make a Sec. 5K1.1 substantial assistance motion at his original sentencing hearing was improper. The Supreme Court has stated that Sec. 5K1.1 gives the Government power to file a substantial assistance motion but it does not impose a duty to make such a motion. Wade v. United States, 112 S.Ct. 1840, 118 L.Ed.2d 524, 531 (1992). A prosecutor's discretionary refusal to make such a motion is subject to review only when a defendant has established either that the refusal was based upon an unconstitutional motive, or that it was not rationally related to any legitimate Government end. Id.
 
 
 4
 Stitt has failed to establish the substantial threshold showing that the Government's failure to make a substantial assistance motion at his original sentencing hearing was improper. See id. There is no evidence in the record to suggest that the Government refused to make a Sec. 5K1.1 substantial assistance motion because of an unconstitutional motive. See United States v. Cueto, 9 F.3d 1438, 1442 (9th Cir.1993) (Sec. 5K1.1 requires Government motion before district court may grant downward departure; because no allegation that Government's refusal was based upon unconstitutional motive, district court properly denied defendant's substantial assistance request). Nor has Stitt established that the refusal was not rationally related to a legitimate Government end. Therefore, Stitt's general allegations of injury are insufficient to justify an additional downward departure. See Wade, 118 L.Ed.2d at 531. Similarly, the district did not err in refusing to grant a hearing. See id. (absent threshold showing, defendant is not entitled to evidentiary hearing).[1]
 
 
 5
 In asserting his claim, Stitt relies primarily upon two out-of-circuit cases, United States v. Drown, 942 F.2d 55 (1st Cir.1991), and United States v. Howard, 902 F.2d 894 (11th Cir.1990), neither of which require us to remand for resentencing. Drown is inapposite because there is no evidence to indicate that the Government in the present case based its decision not to file a substantial assistance motion at Stitt's initial sentencing hearing upon the fact that a subsequent Rule 35(b) motion would be available. Yet, that was the primary reason underlying Drown 's decision to remand. See 942 F.2d at 59-60. Similarly, his reliance upon Howard is misplaced. Unlike Howard, the district court here did not defer its ruling; rather, upon the Government's post-sentence motion, it evaluated the evidence and granted a reduction.
 
 
 6
 Most significantly, this case is distinguishable from both Drown and Howard because Stitt has received the relief to which he is entitled. The fact that the Government's motion and the one-year reduction occurred post-sentencing does not warrant further relief. As Wade indicates, the Government has the authority, not the duty, to file a Sec. 5K1.1 motion. 118 L.Ed.2d at 531. Accordingly, Stitt was not entitled to such a motion at his initial sentencing absent a showing that the Government's refusal was based upon an improper motive. He has failed to make such a showing.
 
 
 7
 Finally, the crux of Stitt's appeal appears to be dissatisfaction with the extent to which the district court reduced his sentence. We reject this argument as well. In ruling on a Sec. 5K1.1 motion, "[t]he extent of [the defendant's] assistance and its impact on the sentence are matters left within the sound discretion of the sentencing judge." United States v. Keene, 933 F.2d 711, 714 (9th Cir.1991); cf. United States v. Fuentes, 925 F.2d 1191, 1193 (9th Cir.1991) (extent of district court's downward departure is not reviewable). In reducing Stitt's sentence to 98 months, the district court carefully evaluated all evidence of Stitt's cooperation, not just that cooperation which occurred after sentencing. Further, the district court considered all relevant factors, including the fact that Stitt was a career offender and that his original sentence had been reduced 100 months. Accordingly, we find no abuse of discretion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our ruling here does not conflict with our decision in United States v. Delgado-Cardenas, 974 F.2d 123 (9th Cir.1992), where the defendants made a threshold showing of constitutional violations. Because the record indicated an unconstitutional basis for the Government's refusal, we remanded for further findings by the district court as to the precise nature of those constitutional violations. Id. at 126