21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chad Spencer SMITH, Defendant-Appellant.
 No. 93-50591.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1994.*
Decided April 13, 1994.
 
 1
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 I. Downward Departure for Substantial Assistance
 
 
 4
 The district court did not err in failing to depart downward under Sec. 5K1.1 of the Guidelines for substantial assistance. Section 5K1.1 of the Guidelines allows a downward departure for substantial assistance only upon motion of the government, U.S. v. Cueto, 9 F.3d 1438, 1442 (9th Cir.1993), unless the defendant makes a "substantial threshold showing" that the government's refusal to file a motion is "based upon an unconstitutional motive ... or ... not rationally related to any legitimate state objective." U.S. v. Delgado-Cardenas, 974 F.2d 123, 126 (9th Cir.1992); see also Wade v. U.S., 112 S.Ct. 1840, 1843-44 (1992). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Wade, 112 S.Ct. at 1844.
 
 
 5
 Smith has failed to make the required showing. Most of his statements, including the confession to FBI agents in October, 1992, related to his involvement in the scheme--not the activities "of another person who has committed an offense." U.S.S.G. Sec. 5K1.1. Neither Smith's description of other participants in the scheme nor his attempt to show FBI agents where the leaders of the scheme resided contributed significantly to the government's investigation. Smith has presented no evidence casting doubt on the government's motives, and we reject his argument that improper motive can be inferred simply from a lack of evidence as to the government's reasons for refusing to move for a departure under Sec. 5K1.1.
 
 II. Restitution
 
 6
 Since Smith did not object to the amount of the restitution award below, we review for plain error, U.S. v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992), and find none. The record shows the district court had the relevant information on Smith's ability to pay "at [its] disposal," U.S. v. Mills, 991 F.2d 609, 611 (9th Cir.1993) (district court need not make specific findings of facts as long as relevant information on defendant's ability to pay is at the court's disposal), in the presentence report before it entered the order. U.S. v. Smith, 944 F.2d 618, 623 (9th Cir.1991) (restitution order upheld where presentence report "set forth information concerning [defendant's] financial condition and earning capacity"). Assuming, as Smith contends, the information in the presentence report does not adequately establish a possibility that he can pay the full amount in the time prescribed, U.S. v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993) (restitution award vacated where the record contained no evidence showing a possibility that the defendant could pay the full amount in the time prescribed), the award in this case is still not plainly erroneous because Smith can obtain an extension of time or a remittitur from the court if he shows at the end of the three-year supervised release period that he has "made a good-faith effort at payment, but is unable to pay the full amount." U.S. v. Jackson, 982 F.2d 1279, 1284 (9th Cir.1992); see also Smith, 944 F.2d at 624 (order to pay $12.8 million over five years upheld even though defendant's monthly income was $5,000 and his liabilities totalled $10.8 million in part because the defendant had the option of petitioning for extension or remittitur if he showed good-faith effort to pay full amount); U.S. v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.1986) (order to pay $50,000 over five years upheld even though defendant had 1) no job and limited earning potential; 2) no assets and 3) several dependents because there was "every likelihood that a remittitur order [would] be granted against the balance due" at the end of five years if defendant showed a good-faith effort to pay).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not repeat them