26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis CARNET, Defendant-Appellant.
 No. 92-50424.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided June 15, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Carnet appeals from his sentence of 235 months' imprisonment for conspiracy to possess cocaine with intent to distribute and for possession of cocaine with intent to distribute. The sentence is affirmed.
 
 
 3
 * Carnet first argues that the district court erroneously believed that there was no basis for a two-point downward adjustment for Carnet's minor role in the offense, pursuant to section 3B1.2 of the Sentencing Guidelines, because the district court did not consider all relevant conduct, including collateral conduct beyond the charged offense. See United States v. Webster, 996 F.2d 209, 212 (9th Cir.1993). The Guidelines define a minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. Sec. 3B1.2, comment (n. 3).
 
 
 4
 We conclude that the district court was not clearly erroneous in denying the adjustment. The district court adopted the Presentence Report's ("PSR") findings, which determined that Carnet could not be considered a minor player in the drug deal because he drove the truck transporting the cocaine and was entrusted with a large quantity of drugs. "A simple statement by the district court that the defendant was not a minor participant is typically sufficient to settle the question." United States v. Ocampo, 937 F.2d 485, 491 (9th Cir.1991); United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). Here, Carnet admits to driving trucks loaded with large amounts of cocaine from California to New Jersey three times and receiving ten to twenty thousand dollars per trip. In a similar situation, we concluded that the district court did not err in finding that the participant's role was not minor, Ocampo, 937 F.2d at 491 (participant was well paid for services and flew across country to participate in drug delivery), and we hold likewise here.
 
 
 5
 Carnet's reference to Webster is of no avail. In that case, the district court found that the offender, charged with possession with intent to distribute, could not be a minor participant because he had possessed and had intended to distribute the drugs. 996 F.2d at 212. We remanded for the district court to make further findings regarding the offender's role in the larger context of his offense, taking into consideration collateral conduct beyond the charged offense. Id. In contrast, the PSR's findings indicate that by being entrusted with the cocaine during transport, Carnet had a role of responsibility in the larger context of the drug deal. Carnet has not alleged facts suggesting that this finding was erroneous. Therefore, there is no need to remand for further findings.
 
 II
 
 6
 Carnet also argues that the district court erred by refusing to consider a downward departure, under section 5K1.1 of the Guidelines. We reject this argument.
 
 
 7
 Section 5K1.1 requires the government to request a departure based on substantial assistance before the district court can consider such a departure. United States v. Shrewsberry, 980 F.2d 1296, 1297 (9th Cir.1992), cert. denied, 114 S.Ct. 120 (1993); see also United States v. Cueto, 9 F.3d 1438, 1442 (9th Cir.1993). The government did not make such a request. The district court was correct in concluding that it did not have the authority to depart.
 
 
 8
 Where the government has not made a request, "a district court can review a prosecutor's refusal to file a substantial assistance motion and grant relief if the court finds that the refusal was based upon an unconstitutional motive, such as race or religion or that the refusal was not rationally related to any legitimate state objective." United States v. Delgado-Cardenas, 974 F.2d 123, 126 (9th Cir.1992) (citing Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992)). Carnet has not claimed, nor is there any evidence in the record of, an unconstitutional motive or lack of rational relationship.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3