46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Constantino Santos CORRAL, Defendant-Appellant.
 No. 93-50779.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 24, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Constantino Santos Corral appeals the ten year sentence imposed upon him under 21 U.S.C. Sec. 841(b) after he pled guilty to possession with intent to distribute cocaine. He argues that the government's refusal to move for a downward departure for substantial assistance was unconstitutional and arbitrary, and that the district court erred in refusing to depart downward after the government refused to file a substantial assistance motion. This court has jurisdiction under 18 U.S.C. Sec. 3742.
 
 FACTS
 
 4
 On September 30, 1992, Corral pled guilty to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Section 841(a)(1) carries a mandatory minimum sentence of ten years.
 
 PROCEEDINGS
 
 5
 The written plea agreement advises Corral of the statutory ten year minimum sentence and notes that the district court must impose that sentence unless the U.S. Attorney's Office moves for a downward departure under USSG Sec. 5K1.1 for substantial assistance. It provides that the decision whether or not to move for a downward departure is within the sole discretion of the government.
 
 
 6
 The government admitted at sentencing that Corral had cooperated to the fullest extent possible and given the government every piece of useful information he possessed. The government refused, however, to move for a downward departure for substantial assistance on the ground that it had been "unable to do anything" with the information that Corral had provided. That was clearly the case; Corral gave information only about the man he worked for, who had left this country for Colombia.
 
 
 7
 Corral's attorney moved for a downward departure on the ground that Corral was merely a "mule" for the distributors, that this incident was an aberration in his otherwise upright life, that he had accepted responsibility for his actions, and that he had provided substantial assistance.
 
 
 8
 District Judge John Davies noted that it was "one of those truly unfortunate situations" where an undeserving defendant gets "caught up in the mandatory minimum." The Judge went on to note that "if ever there was a case where the application of a mandatory minimum is unfair, this is it," and that "it's draconian ... to send this man to jail for 10 years for what he did. Ten years in a federal penitentiary is too much, some lesser sentence is appropriate."
 
 
 9
 Judge Davies concluded, however, that absent a motion by the government for a downward departure he had no discretion to depart below the statutory minimum of ten years. "The only flexibility arises from the government's willingness to file a 5K1.1 motion, and apparently the government has chosen not to."
 
 
 10
 Corral moved for bail pending appeal. Judge Davies denied the motion on the ground that Corral had not met his burden of raising a substantial question for appeal, noting that "even if the defendant made every effort to assist the government, [the government] could choose not to request a reduction in sentence as long as it was not acting arbitrarily or on a class-based animus. The defendant has made no showing that the government acted impermissibly." He also noted that absent a government motion for downward departure, the court had no discretion to depart below the ten year statutory minimum required by 21 U.S.C. Sec. 841(b).
 
 ANALYSIS
 
 11
 I. The District Court Did Not Err In Holding That The Government's Refusal To Move For A Downward Departure Was Neither Arbitrary Nor Unconstitutional
 
 
 12
 Corral argues that the district court erred when it declined to review the government's refusal to file a substantial assistance motion.
 
 
 13
 "[A] district court can review a prosecutor's refusal to file a substantial assistance motion and grant relief if the court finds that the refusal was based upon an unconstitutional motive, such as race or religion, or that the refusal was not rationally related to any legitimate state objective." U.S. v. Delgado-Cardenas, 974 F.2d 123, 126 (9th Cir.1992), citing Wade v. united States, 112 S.Ct. 1840, 1943-44 (1992).
 
 
 14
 This court reviews the legality of Corral's sentence de novo. Id. However, factual findings of the district court are reviewed for clear error. Id.
 
 
 15
 Corral argued that the government's motives for refusing to file a substantial assistance motion were arbitrary and constitutionally suspect; arbitrary because the refusal was based on an illegitimate and irrational hope that Corral's unreduced sentence would lead to substantial assistance in the future, constitutionally suspect because that hope was related to Corral's nationality. Judge Davies rejected these arguments, finding that the government's motives were neither arbitrary nor unconstitutional.
 
 
 16
 That finding was not clearly erroneous. It was not irrational for the government to conclude that Corral's assistance had not proven to be substantial, and that a downward departure was consequently not warranted. We also agree with the district judge that there is no evidence of racial animus in the government's refusal to file for downward departure.
 
 
 17
 Hence the district court did not err in declining to review the government's refusal to file a substantial assistance motion.
 
 
 18
 II. The District Court Had No Discretion To Depart Below The Statutory Minimum Sentence
 
 
 19
 Corral argues that the district court should have departed below the statutory minimum sentence despite the government's refusal to file a substantial assistance motion.
 
 
 20
 A district court may impose a sentence below the statutory minimum only if, upon motion of the government, the court finds the defendant offered substantial assistance. U.S. v. Sharp, 883 F.2d 829, 831 (9th Cir.1989), citing 18 U.S.C. Sec. 3553(e). The provision allowing for a downward departure upon motion by the government, U.S.S.G. Sec. 5K1.1, "is the only section that allows a downward departure from a statutorily required minimum sentence." U.S. v. Valente, 961 F.2d 133, 135 (9th Cir.1992).
 
 
 21
 Hence, although the ten year minimum sentence required by the statute was clearly draconian given Corral's circumstances, the court had no discretion to depart below the minimum sentence absent a substantial assistance motion from the government.
 
 
 22
 We AFFIRM the decision of the district court to sentence Corral to the statutory minimum of 10 years.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3