MEMORANDUM ***
Manuel Preciado appeals his sentence of 120 months in prison following conviction for conspiracy to distribute methamphetamine in violation of the Controlled Substances Act, 21 U.S.C. § 846. This sen *161 tence was imposed pursuant to 21 U.S.C. § 841(b)(1)(B), which provides for a mandatory minimum sentence of ten years in prison where the defendant has previously been convicted of a felony drug offense under state or federal law. Preciado contends that the government violated his due process rights when it failed to move for a downward departure pursuant to 18 U.S.C. § 3553(e), which would have permitted the district court to sentence him below the mandatory minimum. We review de novo the legality of a sentence in cases involving claims that the government improperly failed to move for a downward departure. United States v. Murphy, 65 F.3d 758, 762 (9th Cir.1995) (citing United States v. Delgado-Cardenas, 974 F.2d 123, 126 (9th Cir. 1992)). We affirm the sentence imposed by the district court.
Preciado asserted at his sentencing hearing that during plea negotiations, he had been led to believe the government would make a substantial assistance motion under § 3553(e). Preciado’s assertion is sufficient to preserve his claim that the government’s failure to do so violated his constitutional rights. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (observing that “courts indulge every reasonable presumption against waiver of fundamental constitutional rights”).
Nevertheless, Preciado has not made the required “substantial threshold showing” that the prosecutor’s failure to make a § 3553(e) motion was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Preciado has made no showing that the government had any motive for its refusal to make the motion other than its belief that the appropriate sentence was above the mandatory minimum specified in the statute. The bare assertion that the government had no legitimate reason for its refusal is insufficient. Id. at 186, 112 S.Ct. 1840 (generalized allegations of an improper motive insufficiently substantial). Similarly, Preciado’s claim that he received no benefit in return for the substantial assistance provided to the government cannot support the claimed constitutional violation. Id. (mere fact that the defendant provided substantial assistance is not enough to reach the threshold). Because Preciado has not made a sufficient showing to entitle him to an evidentiary hearing on his claim of improper motive, we decline his request that we remand for further factual development.[1]
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. Preciado also argues that the district court improperly relied on judge-found prior convictions in applying the sentencing guidelines. We decline to reach this issue. Because Preciado received the minimum sentence under the statute based on facts admitted in his plea agreement, any error in applying the Sentencing Guidelines would not change his sentence and was therefore harmless.