**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Nilo Medina CUETO, Defendant–
Appellant.**

**No. 92–50186.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1993.

Decided Nov. 23, 1993.

---

Michael B. Dashjian, Law Offices of Michael B. Dashjian, Thousand Oaks, CA, for defendant-appellant.

Lawrence S. Middleton, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before JAMES R. BROWNING, BEEZER, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

Nilo Cueto pled guilty to one count of attempted possession with intent to distribute methamphetamine and two counts of possession with intent to distribute methamphetamine and cocaine. Cueto raises four challenges to his sentence on appeal: (1) he is entitled to a one-level reduction for acceptance of responsibility because the 1992 amendment to Sentencing Guideline § 3E1.1 should apply retroactively; (2) the district court erred by adding a weapon enhancement to a base offense level determined by aggregating the drug quantity from all three counts; (3) the district court erred by not granting a downward departure for substantial assistance to the government, even though the government never made the required motion; and (4) due process requires the district court to find that a defendant had the mens rea to be involved with a specific quantity of drugs before imposing a mandatory minimum sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm his sentence.

I

In May of 1991, Customs Inspectors at Anchorage International Airport discovered a package containing a wooden statue filled with 173 grams of methamphetamine. Customs Agents removed the methamphetamine, sealed a substitute substance into the statue, and delivered the package to its intended destination, a video store in Glendale, California. An agent told a video store employee

to call the telephone number on the package and tell the person who answered the phone that it had been delivered. Shortly thereafter, Cueto and his niece arrived at the store and claimed the package. Customs Agents stopped and arrested them.

Cueto was released on bail. He subsequently tested positive for cocaine on two occasions, and then failed to report for a required drug test. On July 25, 1991, the district court issued a warrant for Cueto's arrest for violating conditions of his bond.

United States Deputy Marshals eventually found Cueto with four other individuals in a motel room in Monrovia, California. The Marshals also found a 9mm semi-automatic Uzi with a loaded carbine, a 9mm Barretta pistol in Cueto's jacket in the closet, and a brown briefcase under the bed where Cueto was lying. Inside the briefcase, the Marshals discovered eight "pay-owe" sheets bearing Cueto's name and detailing drug transactions, several 9mm rounds, and seventeen plastic baggies containing cocaine. They also discovered fourteen additional baggies of cocaine in three large birthday cards ready to be mailed. Methamphetamine was also found in a sunglasses case and in baggies near the sink.

As part of a plea agreement, Cueto pled guilty to the following three counts on October 7, 1991: (1) attempted possession with intent to distribute 174 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

The district court sentenced Cueto on March 9, 1992. The court followed the presentence report by combining the quantities of methamphetamine and cocaine charged in the indictment. The court found an equivalent aggregate of 9607.94 grams of cocaine. Based on this total, the district court determined Cueto's base offense level to be 32. The court added two levels for Cueto's possession of a firearm during the commission of count three. See U.S. Sentencing Comm'n, *Guidelines Manual* § 2D1.1(b) (Nov.1991) (hereinafter "U.S.S.G."). The district court

subtracted two levels for acceptance of responsibility. See U.S.S.G. § 3E1.1 (Nov. 1991). Because Cueto had no prior record, the court found that he fell within Criminal History Category I.

Based on a final offense level of 32 and Criminal History Category of I, the sentencing range was 121 to 151 months. The court sentenced Cueto to 121 months in custody and five years of supervised release because of his age, prior history, and small children. The mandatory minimum sentence was ten years. See 21 U.S.C. § 841(b)(1)(A)(viii) (1988).

## II

■ When the district court sentenced Cueto on March 9, 1992, the court gave him a two-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1 (Nov.1991). On November 1, 1992, that section was amended to permit an additional one-level reduction for acceptance of responsibility, if the defendant "assisted authorities in the investigation or prosecution of his own misconduct." U.S.S.G. § 3E1.1(b) (Nov.1992); see also U.S.S.G.App. C, amend. 459 (Nov. 1992). Cueto argues the amendment should be applied retroactively, and therefore, he is entitled to an additional one-level reduction. The legality of a sentence is reviewed de novo, *United States v. Fine,* 975 F.2d 596, 599 (9th Cir.1992) (en banc), and we reject Cueto's claim.

■ Absent an ex post facto problem, the district court must apply the version of the Guidelines in effect at the time of sentencing. See *United States v. Robinson,* 958 F.2d 268, 272 (9th Cir.1992); see also 18 U.S.C. § 3553(a)(4)–(5) (1988). Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (1988). Section 1B1.10(a) of the 1992 Sentencing Guidelines states that if an amendment is not specifically listed in U.S.S.G. § 1B1.10(d), a reduction is not consistent with the Sentencing Commission's policy

statement. Section 1B1.10(d) lists eleven amendments that became effective on November 1, 1992, but it did not include the amendment to U.S.S.G. § 3E1.1. Therefore, the 1992 amendment to § 3E1.1 cannot be applied retroactively. *See United States v. Rodriguez,* 989 F.2d 583, 587–88 (2d Cir. 1993) (refusing to apply amended § 3E1.1 retroactively because it was not listed in § 1B1.10(d)).

This result is consistent with our decision in *United States v. Mooneyham,* 938 F.2d 139 (9th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 443, 116 L.Ed.2d 461 (1991). In *Mooneyham,* we held that an amendment allowing career criminals to receive downward adjustment for acceptance of responsibility could not be applied retroactively because it was not listed in U.S.S.G. § 1B1.10(d). *Id.* at 140–41.

Based on our reasoning in *Mooneyham,* we agree with the Second Circuit that the 1992 amendment to § 3E1.1 should not be applied retroactively. Therefore, Cueto's claim fails.[1]

### III

■ Cueto argues the district court erred in applying the two-level weapon enhancement to the base offense level (32) corresponding to the aggregated drug quantity from counts one through three. Because no weapon was present when Cueto was arrested for the crime charged in count one, he contends the weapon enhancement may not be applied to that drug quantity. We review de novo the district court's application of the Sentencing Guidelines. *United States v. Fagan,* 996 F.2d 1009, 1017 (9th Cir.1993).

To determine the base offense level for multiple drug violations, "the offense level applicable to a Group is the offense level corresponding to the aggregated quantity, determined in accordance with Chapter Two [*i.e.,* the Drug Quantity Table]." U.S.S.G. § 3D1.3(b) (Nov.1991). The commentary states: "Determine whether the *specific offense characteristics [e.g.,* the weapons en-

hancement of U.S.S.G. § 2D1.1(b) ] ... apply based upon the combined offense behavior taken *as a whole.*" U.S.S.G. § 3D1.3, comment. (n. 3) (emphasis added); *see also* U.S.S.G. Ch. 3, Pt. D., intro. comment. Thus, the commentary directly refutes Cueto's claim, and the district court did not err in applying the two-level weapon enhancement to the offense level corresponding to the aggregated drug quantity.

### IV

■ Cueto sought a two-level reduction under U.S.S.G. § 5K1.1 for substantial assistance to the government. Section 5K1.1 allows a court to depart "[u]pon the motion of the government." Because the government did not make such a motion, the district court did not grant any reduction for substantial assistance.

Cueto, however, argues the Sentencing Commission exceeded its authority by requiring a government motion before the court can depart. Congress specifically required a government motion for imposing a sentence below the statutory minimum based on substantial assistance in 18 U.S.C. § 3553(e), but Congress did not require a government motion under 28 U.S.C. § 994(n), the statutory basis for U.S.S.G. § 5K1.1. Rather, Congress directed the Sentencing Commission to "assure that the guidelines reflect the general appropriateness of imposing a lower sentence ... to take into account a defendant's substantial assistance" to the government. 28 U.S.C. § 994(n) (1988). Cueto argues that because Congress required a government motion in 18 U.S.C. § 3553(e), but not in 28 U.S.C. § 994(n), the Sentencing Commission cannot require a government motion under 5K1.1.

In *United States v. Ayarza,* 874 F.2d 647, 653 n. 2 (9th Cir.1989), *cert. denied,* 493 U.S. 1047, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990), this court stated: "We believe that the Sentencing Commission did not exceed its authority in drafting such a requirement [as part of § 5K1.1] in view of the fact that Congress itself drafted Section 3553 the

---

**1.** For the reasons previously discussed, we also deny Cueto's Motion for Modification of Term of

Imprisonment filed on April 16, 1993.

**1442**

same way." *See also United States v. Shrewsberry*, 980 F.2d 1296, 1297 (9th Cir. 1992) (holding that district court has no authority to grant a downward departure under § 5K1.1 without a government motion), *cert. denied,* —— U.S. ——, 114 S.Ct. 120, 126 L.Ed.2d 84 (1993).

The Supreme Court's opinion in *Wade v. United States,* —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), further undermines Cueto's claim. In *Wade,* the Court recognized that § 5K1.1 limits the district court's authority to grant a downward departure absent a government motion. *Id.* at ——, 112 S.Ct. at 1842–43. The Court did not suggest this requirement was unauthorized. The Court, however, did hold that district courts have "authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Id.* at ——, 112 S.Ct. at 1843–44.

On its face, we see no reason why a government motion requirement frustrates the goal of 28 U.S.C. § 994(n). Obviously, the best judge of a defendant's assistance to the government is the government itself. Because § 5K1.1 requires a government motion before the district court may grant a downward departure, and because Cueto did not allege that the government's refusal was based on an unconstitutional motive, the district court properly denied his request.

## V

Cueto claims that application of the ten-year mandatory minimum sentence provision of 21 U.S.C. § 841(b) violates the Due Process Clause of the Fourteenth Amendment, unless the district court finds that the defendant had sufficient knowledge of the quantity of drugs involved in the crime. Cueto concedes we only need to reach this issue if we remand for resentencing. We note that the district court properly sentenced Cueto at

2. Although we do not decide the issue, we note that Cueto's reliance on Judge Weinstein's opinion in *United States v. Ekwunoh,* 813 F.Supp. 168 (E.D.N.Y.1993), may be misguided in light of the failure of this controversial interpretation of the drug sentencing laws to gain acceptance at the

Offense Level 32 of the Guidelines Sentencing Table which prescribes a minimum sentence of 121 months, one month more than the mandatory minimum. *See* U.S.S.G. Ch. 5, Pt. A (Nov.1991). Because we are not remanding the case and because the mandatory minimum sentence was not applied to Cueto, we need not address Cueto's argument.[2]

## VI

The sentence imposed by the district court is AFFIRMED.

circuit level. *See United States v. Pineda,* 847 F.2d 64 (2d Cir.1988) (imposition of minimum sentence under 21 U.S.C. § 841 without showing knowledge of quantity does not violate due process); *see also United States v. Klein,* 860 F.2d 1489 (9th Cir.1988).