42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Paul LILLARD, Defendant-Appellant.
 No. 94-35155.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Paul Lillard appeals pro se the denial of his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. Lillard, who is serving a 255-month sentence for manufacturing methamphetamine and possessing an unregistered firearm, challenges the validity of his conditional guilty plea and his sentence. We have jurisdiction under 28 U.S.C. Sec. 2255 and review de novo. See United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993). We affirm.
 
 
 3
 Lillard states that he was denied access to a police report, which indicated that the police had destroyed the chemicals found in his two laboratories without weighing them. The precise legal basis of this claim is unclear, as Lillard alludes to discovery obligations, ineffective assistance of counsel, and involuntary and unknowing guilty plea. In any event, we find no basis on which to set aside Lillard's sentence.
 
 
 4
 First, the record shows that government provided defense counsel, as part of discovery, the police report. Because the report contained confidential information, defense counsel agreed to return the report at the conclusion of the case, not to duplicate it, and not to give a copy to Lillard. Because the government turned over the police report to defense counsel, the government did not violate its discovery obligations. Moreover, Lillard has not established prejudice from the alleged discovery violation because he was given an adequate opportunity at sentencing to challenge the quantity of methamphetamine produced by the laboratories. See United States v. Arias-Villanueva, 998 F.2d 1491, 1510 (9th Cir.), cert. denied, 114 S.Ct. 359 (1993).
 
 
 5
 Second, throughout the sentencing process, defense counsel vigorously attacked the government's estimate of the amount of methamphetamine that the laboratories were capable of producing. Counsel also attacked the government's conduct in destroying the chemicals without weighing them. The criminologists testified that they had not weighed the chemicals because they did not have the equipment at the scene and the weights were written on the labels of the containers. Ultimately, the district court accepted much of defense counsel's argument as to the capacity of the laboratories. The district court calculated the capacity of the laboratories at 9 kilograms, which was slightly less than the 10.5 kilograms estimate of defense counsel and much less than the 52.4 kilograms estimate of the prosecutor. We affirmed that finding on direct appeal. United States v. Lillard, 929 F.2d 500, 504 (9th Cir.1991). Because Lillard has not established prejudice from his attorney's agreement not to give him a copy of the police report, Lillard has not established ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Third, even assuming that Lillard did not have personal access to the police report which stated that the police had not weighed the chemicals seized, that fact would not render his plea unknowing because knowledge of the quantity of drugs is not an element of the offense. See United States v. Klein, 860 F.2d 1489, 1494 (9th Cir.1988). Consequently, Lillard's related claim that his guilty plea lacked a factual basis is meritless. Cf. Arias-Villanueva, 998 F.2d at 1510.
 
 
 7
 Lillard complains that the district court summarily rejected his claim that his guilty plea was involuntary and unknowing. Here, the district court examined the case file which included the transcript of the change of plea hearing. This was sufficient. See Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam) (evidentiary hearing not required when Sec. 2255 claims can be resolved by evidence in the record).
 
 
 8
 Lillard next argues that the sentencing court erred by failing to award him the third point for acceptance of responsibility. U.S.S.G. Sec. 3E1.1(b). Lillard was sentenced in 1990 but the third point did not take effect until 1992. U.S.S.G.App.C, amend. 459 (Nov. 1992). Because the adjustment does not apply retroactively, Lillard is not entitled to it. See United States v. Cueto, 9 F.3d 1438, 1440 (9th Cir.1993).
 
 
 9
 Lillard contends that the district court erred by finding that he played a leadership role in the offense. We rejected this contention in Lillard's direct appeal, Lillard, 929 F.2d at 502-03, and discern no reason to reconsider that decision, see United States v. Polizzi, 550 F.2d 1133, 1135 (9th Cir.1976) (court may refuse to entertain a Sec. 2255 motion based on claims of error which court previously rejected on the merits in a direct appeal).
 
 
 10
 Finally, Lillard challenges the district court's calculation of the amount of drugs involved in the offense. Although this claim was asserted and rejected on direct appeal, Lillard argues that we should address the claim because the law has changed. See Polizzi, 550 F.2d at 1135 (court may exercise discretion to reexamine a contention that had been raised on direct if the law has changed). Lillard does not explain how the law has changed to his benefit and we discern no such change. See, e.g., United States v. Innie, 7 F.3d 840, 845 (9th Cir.1993) (Congress's market-oriented approach punishes drug trafficking based upon the weight of a mixture containing a detectable amount of drugs), cert. denied, 114 S.Ct. 1567 (1994); United States v. Myers, 993 F.2d 713, 715-16 (9th Cir.1993) (Guidelines allow court to calculate sentence based on ingredients rather than end product and to approximate the quantity of the drug that could be manufactured). Therefore, we do not reconsider this issue.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3