66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Erik Hampton JOHNSON, Defendant-Appellant.
 No. 94-17224.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Erik Hampton Johnson, a federal prisoner, appeals pro se the district court's denial of his motion for reduction of sentence under 18 U.S.C. Sec. 3582(c)(2), and his 28 U.S.C. Sec. 2255 motion to correct his sentence following his guilty plea conviction to conspiracy to possess with intent to distribute marijuana. Johnson contends that the district court erred by declining to reduce his sentence under U.S.S.G. Sec. 2D1.1, comment. (n. 17). Johnson also contends that he received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. Secs. 1291 and 2255, and we affirm.
 
 
 3
 The legality of a sentence is reviewed de novo. United States v. Cueto, 9 F.3d 1438, 1440 (9th Cir.1993). We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Carrillo, 991 F.2d 590, 592 (9th Cir.), cert. denied, 114 S.Ct. 231 (1993). We review the denial of a Sec. 3582(c)(2) motion for abuse of discretion. See Cueto, 9 F.3d at 1440.
 
 
 4
 Johnson was sentenced on September 24, 1992. On November 1, 1993, Sec. 2D1.1 was amended to include Application Note 17 which provided that "[i]f, in a reverse sting, ... the court finds that the government agent set a price for the controlled substance that was substantially below market value ..., thereby leading to the defendant's purchase of a significantly greater quantity of the controlled substance ..., a downward departure may be warranted." U.S.S.G. Sec. 2D1.1, comment. (n. 17) (Nov.1993).
 
 
 5
 Johnson contends that Sec. 2D1.1, comment (n. 17) should have been retroactively applied to his case and his sentence reduced because the government artificially lowered the price of the marijuana below the market value. The district court found that the price of the marijuana had not been set below market value and that the sentencing court had properly calculated Johnson's sentencing level. We hold, however, that Johnson's Sec. 3582 motion was properly denied because Application Note 17 cannot be applied retroactively.
 
 
 6
 Section 3582(c)(2) provides that the district court may reduce an imposed term of imprisonment if the term is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. Sec. 3582(c)(2). If an amendment to the Sentencing Guidelines is not specifically listed in U.S.S.G. Sec. 1B1.10(d), a reduction is not consistent with the Sentencing Commission's policy statement. U.S.S.G. Sec. 1B1.10(a), p.s. (Nov. 1993). Section 1B1.10(d) listed sixteen amendments but did not include Application Note 17 (Amendment 486, App. C). Thus, Application Note 17 cannot be applied retroactively. See Cueto, 9 F.3d at 1440-41.[1] Accordingly, the district court did not abuse its discretion by denying Johnson's Sec. 3582(c)(2) motion. See Cueto, 9 F.3d at 1440.[2]
 
 
 7
 Johnson also contends that the district court erred by denying his Sec. 2255 motion because he received ineffective assistance when his attorney: (1) failed to request a reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(b)(2); (2) failed to request an evidentiary hearing to introduce mitigating factors not adequately considered at sentencing; (3) failed to request an evidentiary hearing on the issue of the amount of marijuana; and (4) allowed "personal problems" to render his performance ineffective. These contentions lack merit.
 
 
 8
 We review a denial of a Sec. 2255 motion de novo. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We review for clear error a district court's findings of fact. Id. at 1452. Whether a defendant received ineffective assistance of counsel is a legal question also reviewed de novo. Id. at 1456. In order to prevail, a defendant must show that (1) his counsel's performance was deficient and (2) the ineffective assistance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 9
 Here, the district court found that Johnson did not meet the criteria for an additional reduction under Sec. 3E1.1(b)(2) because he did not plead guilty until the day of the trial. The district court also found that Johnson's mitigating factors were adequately presented at the sentencing hearing, and that the amount of marijuana at issue was addressed at the sentencing and through counsel's numerous pretrial motions and objections to the sentencing report. A review of the record shows that the district court's findings of fact were not clearly erroneous. See Sanchez, 50 F.3d at 1451-52. Thus, Johnson suffered no prejudice on account of his counsel's actions regarding these claims of ineffective assistance. See Strickland, 466 U.S. at 687-90.
 
 
 10
 Finally, Johnson claims that his counsel's "personal problems" rendered counsel's performance ineffective. Specifically, Johnson claims that counsel's behavior was erratic and at times raving. Assuming that counsel did have personal problems, Johnson fails to show that he was prejudiced by counsel's actions and that but for counsel's unprofessional behavior, the outcome of the sentencing hearing would have been different. See Strickland, 466 U.S. at 687-90. Moreover, Johnson was also represented by additional counsel during the sentencing hearing.
 
 
 11
 Accordingly, the district court properly denied Johnson's Sec. 2255 motion to vacate or correct his sentence because of ineffective assistance of counsel. See Sanchez, 50 F.3d at 1451-52.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Johnson inappropriately asserts that Sec. 2D1.1, comment. (n. 17) is a clarifying amendment which should be given retroactive effect. See United States v. Garcia-Cruz, 40 F.3d 986, 990 (9th Cir.1994). Clarifying amendments neither add to nor alter the substantive meaning of the Guidelines themselves. See Carrillo, 991 F.2d at 592. Application Note 17 adds an authorization for a downward departure which did not exist prior the amendment's effective date on November 1, 1993. Thus, Application Note 17 can not be given retroactive effect as a clarifying amendment. See id
 
 
 [2]
 Because we find that U.S.S.G. Sec. 2D1.1, comment. (n. 17) could not be applied retroactively, we need not address Johnson's claim that the district court erred by deciding not to hold an evidentiary hearing on the issue of the amount of marijuana at issue