79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio MARTINEZ-ORTEGA, Defendant-Appellant.
 No. 95-35365.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Martinez-Ortega appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence. Martinez-Ortega contends that the district court erred by failing to apply Amendment 268 of the Sentencing Guidelines retroactively. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir.1993), and affirm.
 
 
 3
 The district court has discretion to reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered," if a reduction is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(2); see United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir.1992). If an amendment is not specifically listed in U.S.S.G. § 1B1.10(d), a reduction is not consistent with the Sentencing Commission's policy statement. See U.S.S.G. § 1B1.10(a) (1992); Cueto, 9 F.3d at 1440-41. Thus, an amendment that is not listed in U.S.S.G. § 1B1.10(d) may not be applied retroactively. See Cueto, 9 F.3d at 1441.
 
 
 4
 Amendment 268 is not listed in U.S.S.G. § 1B1.10(d). Therefore, the district court did not abuse its discretion by refusing to reduce Martinez-Ortega's sentence pursuant to § 3582(c)(2). See Cueto, 9 F.3d at 1441; Wales, 977 F.2d at 1327-28.
 
 
 5
 Martinez-Ortega is correct that clarifying amendments are generally applied retroactively at sentencing and on direct appeal. See U.S.S.G. § 1B1.11(b)(2); United States v. Aldana-Ortiz, 6 F.3d 601, 602 (9th Cir.1993) (per curiam); cf. United States v. Sanders, 67 F.3d 855, 856-57 (9th Cir.1995); United States v. Quinn, 18 F.3d 1461, 1467 (9th Cir.), cert. denied, 114 S.Ct. 2758 (1994). Martinez-Ortega, however, sought a sentence reduction under 18 U.S.C. § 3582(c)(2). His eligibility for such a reduction "is triggered only by an amendment listed in subsection (d)" of U.S.S.G. § 1B1.10. U.S.S.G. § 1B1.10 comment. (n.1). Because Amendment 268 is not listed in U.S.S.G. § 1B1.10(d), Martinez-Ortega was not eligible for a sentence reduction under § 3582(c)(2). See Cueto, 9 F.3d at 1441.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Martinez-Ortega's request for oral argument and his motion for the appointment of counsel for purposes of oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3