86 F.3d 1165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shelby WARD, Defendant-Appellant.
 No. 94-30433.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shelby Ward appeals his 118-month sentence following the entry of a guilty plea to possession with intent to distribute crack within 100 feet of a public youth center in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 860; use of a communication device to facilitate drug trafficking in violation of 18 U.S.C. § 2 and 21 U.S.C. § 843(b); and being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Ward contends that: (1) the United States Sentencing Guidelines and the mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(B) are facially ambiguous and violate the Equal Protection Clause; and (2) the district court erroneously applied the United States Sentencing Guideline for crack cocaine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Ward contends that the term "cocaine base" is ambiguous and that the sentences for crack cocaine discriminate against African-Americans in violation of the Equal Protection Clause.[1]
 
 
 4
 To the extent that Ward is challenging 21 U.S.C. § 841(b)(1)(B) as a whole and the relevant Sentencing Guidelines for his offense, we review his challenge de novo. See United States v. Davis, 36 F.3d 1424, 1434 (9th Cir.1994) (statute), cert. denied, 115 S.Ct. 1147 (1995); United States v. Conkins, 9 F.3d 1377, 1384 (9th Cir.1993) (Sentencing Guidelines).
 
 
 5
 We have previously rejected challenges identical to Ward's on the basis that 21 U.S.C. § 841(a)(1) is not unconstitutionally vague or ambiguous because the term "cocaine base" encompasses crack. See Davis, 36 F.3d at 1434. We have also rejected the argument that U.S.S.G. § 2D1.1, either as enacted or as applied, violates the Equal Protection Clause. See United States v. Dumas, 64 F.3d 1427, 1429 (9th Cir.1995), cert. denied, 116 S.Ct. 1341 (1996). On these grounds, we reject Ward's contentions.
 
 
 6
 Ward also contends that based on findings by the United States Sentencing Commission, the district court should have calculated his sentence using the Guidelines for powder cocaine.
 
 
 7
 We review de novo a district court's application of the Sentencing Guidelines. See United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995). Congress has rejected the Commission's recommendations and findings regarding the disparity in sentencing for powder cocaine and crack cocaine upon which Ward relies. See Federal Sentencing Guidelines, Amendment, Disapproval, Pub.L. No. 104-38, § 1, 109 Stat. 334 (Oct. 30, 1995). Because it is not supported by the law, Ward's argument fails. See id.; see also United States v. Harding, 971 F.2d 410, 412-14 (9th Cir.1992) (rejecting arguments that crack cocaine and powder cocaine are essentially same drug and that guideline distinction is arbitrary and irrational), cert. denied, 506 U.S. 1070 (1993).
 
 
 8
 Ward and the government note the discrepancy between the written judgment, the minutes of the sentencing hearing, and the transcript of oral proceedings with regard to the length of Ward's sentence.
 
 
 9
 "In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this [c]ourt has uniformly held that the oral pronouncement, as correctly reported, must control." United States v. Hicks, 997 F.2d 594, 597 (9th Cir.1993) (citation omitted); see also Fed.R.Crim.P. 36 (allowing court's correction of clerical mistakes in judgments or other parts of record).
 
 
 10
 Here, although the written judgment and minutes reflect the correct total term, the individual sentences for each count do not correspond with the district court's oral pronouncement. The parties do not dispute that Ward's total term is 118 months. Therefore, although we affirm the district court's decision, we remand for the limited purpose of allowing the district court to correct the inconsistency between the written judgment and minutes and the court's oral pronouncement. See Hicks, 997 F.2d at 597; Fed.R.Crim.P. 36.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Ward challenges the constitutionality of the mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(B), the district court did not apply the mandatory minimum sentence in Ward's case. On this basis, we will not address Ward's argument regarding the mandatory minimum sentence provisions. See United States v. Cueto, 9 F.3d 1438, 1442 (9th Cir.1993)