95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Allen DOMITROVICH, Defendant-Appellant.
 No. 96-35109.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 26, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Allen Domitrovich appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence. Domitrovich contends that the district court erroneously determined that Amendment 516 of the Sentencing Guidelines did not reduce his sentence. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, see United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir.1993), and affirm.
 
 
 3
 At his original sentencing, Domitrovich's Guidelines range was 57-71 months, but he was subject to a mandatory minimum sentence of 60 months because he was growing more than 100 marijuana plants. See 21 U.S.C. § 841(b)(1)(B)(vii). The district court sentenced him to 60 months.
 
 
 4
 Retroactive application of Amendment 516 does reduce Domitrovich's Guideline range, but it does not change the application of the mandatory minimum sentence. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); see United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (per curiam). The district court correctly determined that Domitrovich was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). See Cueto, 9 F.3d at 1441.
 
 
 5
 Domitrovich contends that Amendment 516 creates a conflict between the Guidelines and 21 U.S.C. § 841(b), and that the new weight calculus in Amendment 516 should be used to determine his mandatory minimum sentence.
 
 
 6
 Domitrovich is incorrect. First, the Guidelines specifically contemplate the possibility that a mandatory minimum sentence will exceed the sentencing range established by the adjusted offense level, and provide that the mandatory minimum sentence will then become the Guideline sentence. See U.S.S.G. § 5G1.1(b). Thus, the statute and Guidelines do not conflict. Second, if a conflict did exist between the Guideline commentary as amended and 21 U.S.C. § 841(b), then the statute would govern. See United States v. Dixon, 952 F.2d 260, 260-61 (9th Cir.1991) (where Guidelines conflict with statute, statute governs); cf. Stinson v. United States, 508 U.S. 36, 47 (1993) (so long as amendment to commentary does not run afoul of Constitution or federal statute, and is not plainly erroneous or inconsistent with Guideline, then commentary is binding interpretation of Guideline). Finally, 21 U.S.C. § 841(b)(1)(B)(vii) states that the mandatory minimum sentence will apply if the case involves "100 or more marijuana plants regardless of weight." The unambiguous words of the statute are not susceptible to the interpretation Domitrovich would prefer. Therefore, Domitrovich's mandatory minimum sentence was correctly calculated using the number, and not the weight, of marijuana plants he grew. See 21 U.S.C. § 841(b)(1)(B)(vii).
 
 
 7
 Because Amendment 516 does not lower Domitrovich's sentence, the district court did not abuse its discretion by denying his 18 U.S.C. § 3582(c)(2) motion. See Cueto, 9 F.3d at 1441.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3