116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard LAIRD, Defendant-Appellant.
 No. 96-50272.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1997.
Decided June 16, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-93-01085-TJH; Terry J. Hatter, Jr., District Judge, Presiding.
 Before: HUG, Chief Judge; FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Howard Laird appeals from his sentence following his guilty plea to mail fraud, in violation of 18 U.S.C. § 1341, tax evasion, in violation of 26 U.S.C. § 7201, and aiding and assisting in the preparing and presentation to the Internal Revenue Service of a false corporate tax return, in violation of 26 U.S.C. § 7206(2). We have jurisdiction, 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.
 
 
 3
 * Laird's plea agreement waived his right to appeal "any sentence imposed by the Court so long as it is within the statutory maximum sentence as it is described within paragraph 3 of this agreement" except with respect to the amount of fraud loss and the amount of tax loss. He does not argue that his plea agreement was not voluntary and knowing. Laird contends, however, that the district court's oral notification at sentencing that he had ten days to file any appeal voided the waiver in the plea agreement. We disagree.
 
 
 4
 Laird relies on United States v. Buchanan, 59 F.3d 914, 917 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995), in which we held that the sentencing judge's oral notification of a right to appeal could have instilled a reasonable expectation in the defendant, notwithstanding the waiver of his right to appeal in the plea agreement. However, the circumstances here are quite different because Laird only agreed to a partial waiver of his right to appeal. Therefore, the district court's advice at Laird's sentencing was not inconsistent with, and did not nullify, the terms of his plea agreement. Under the circumstances, and solely on the basis of the district court's statement at sentencing, Laird could not reasonably expect a right to appeal issues other than those specifically authorized by his plea agreement.
 
 II
 
 5
 Laird argues that the district court erred in denying him a sentence reduction for aberrant behavior, but we lack jurisdiction to consider a discretionary decision not to depart downward. United States v. Morales, 898 F.2d 99 (9th Cir.1990).
 
 III
 
 6
 Laird contends that the government breached the plea agreement by not recommending a three-point reduction to the sentencing court for acceptance of responsibility under U.S.S.G. § 3E1.1. He seeks a remand for specific performance by the government. Even though the government did fail to argue for a three-point reduction and may thus technically have breached the plea agreement, the breach, if any, is not material because Laird's sentencing proceeded--without objection--under the 1988 Guidelines, which, although more favorable to him in calculating loss under § 2F1.1, only permit a two-level reduction under § 3E1.1.[1] The presentence report specifically noted the two-level reduction limit under the 1988 Guidelines.[2] As Laird raised neither the issue of breach by the government nor the issue of acceptance of responsibility before the district court, we will not consider any § 3E1.1 issues on appeal. See United States v. Robertson, 52 F.3d 789, 792 (9th Cir.1994).
 
 IV
 
 7
 Laird contends that the district court erred in ordering him to pay $7,250,000 in restitution over a three year term of supervised release when it was clear that he lacked the future ability to pay. The government concedes that Laird did not waive the right to appeal restitution in the plea agreement, but argues that the district court did not abuse its discretion in ordering restitution in the amount of $7.25 million. See United States v. Zink, 107 F.3d 716, 718 (9th Cir.1997).[3]
 
 
 8
 There was no error. Laird expressly, and unconditionally, agreed in his plea agreement "to pay full restitution for all losses caused by [his] conduct, in an amount to be determined by the Court at the time of sentencing." The district court found that such losses amounted to $7.25 million. As no appeal has been taken from that finding, Laird is required by the agreement to pay $7.25 million.
 
 
 9
 Regardless, current indigence does not preclude a restitution award. See id. at 719. Here, there was "some evidence the defendant may be able to pay the amount fixed when required to do so...." United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). Laird specifically agreed in his plea agreement to make restitution for the full loss. Further, the record shows that Laird had generated millions of dollars that were unaccounted for (including hundreds of thousands of dollars in cashiers checks procured for him by his wife in 1990). He has no dependents and few apparent financial needs. Thus, Laird has in any event failed to demonstrate inability to pay restitution upon release. See United States v. Cannizzaro, 871 F.2d 809, 811 (9th Cir.) (noting that defendant carries the burden of proof under 18 U.S.C. § 3664(d) of demonstrating "his financial resources (or lack thereof)"), cert. denied, 493 U.S. 895 (1989); cf. United States v. Smith, 944 F.2d 618, 623-24 (9th Cir.1991) (affirming restitution order of $12.8 million to be paid within five years of release from prison where defendant, who currently had few assets and numerous liabilities, possessed "unconventional financial abilities" and had wealthy business contacts), cert. denied, 503 U.S. 951 (1992).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The amendment that created the three-level reduction under § 3E1.1 took effect on November 1, 1992. See U.S.S.G.App. C, amend. 459 (1992). Although Laird was sentenced in 1996, he did not request application of the 1995 Guidelines in order to take advantage of the new provision. Also, the 1992 amendment that created the three-level reduction cannot be applied retroactively. United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir.1993)
 
 
 [2]
 Laird suggests that the district court may not have applied any reduction for acceptance of responsibility, given that it adopted a lower loss calculation ($7.25 million) than did the presentence report (over $21.85 million), yet it still reached the same base offense level, 21. He is mistaken. The district court's lower loss calculation made no difference to Laird's sentence calculation: Any figure over $5 million results in an 11-level enhancement under the 1988 Guidelines. U.S.S.G. § 2F1.1(b)(1)(L). In reaching a base offense level of 21, in accord with the presentence report calculations, the district court necessarily applied the two-level reduction for acceptance of responsibility recommended by the probation office
 
 
 [3]
 Because Laird entered his guilty plea in 1995, we do not consider the impact of the Mandatory Victims Restitution Act of 1996, Pub.L. No. 104-132, 110 Stat. 1227 (Apr. 24, 1996) (codified at 18 U.S.C. §§ 3663A to 3664), which mandates imposition of restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); see Zink, 107 F.3d at 719 n. 1