122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Lee SMITH, Defendant-Appellant.
 No. 96-35099.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 29, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, D.C. Nos. CV-95-00091-JCC, CR-88-00299-JCC; John C. Coughenour, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony Lee Smith, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. After Smith pleaded guilty to distributing more than fifty grams of cocaine base, Smith was sentenced in 1989 to eighteen years imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 On the section 2255 form which Smith filed in district court, Smith checked no in response to the question whether he had ever filed any previous petition, application, or motion. The government responded to Smith's motion on its merits. Because Smith previously had filed at least one section 2255 motion as well as a numerous other challenges to his sentence, the magistrate judge recommended that Smith's section 2255 motion be denied as a sanction pursuant to Rule 11 of the Federal Rules of Civil Procedure. The magistrate judge, however, also noted that the sanction was not unduly prejudicial as all of Smith's claims lacked merit and most were successive. The district court adopted the magistrate judge's recommendation and denied Smith's motion. We need not decide whether the district court properly dismissed Smith's motion under Rule 11 for we affirm on other grounds.
 
 
 4
 On direct appeal, this court rejected Smith's claim that the district court erred when it aggregated all the drugs involved in the conspiracy to determine his offense level. See United States v. Turner, 898 F.2d 705, 714-15 (9th Cir.1990). Consequently, we need not consider the issue again. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (per curiam).
 
 
 5
 Nor do we need to address Smith's claim that the government breached the plea agreement for that claim is merely a reformulation of his drug quantity claim, i.e., that his offense level should have been based on the distribution count to which he pleaded guilty rather than the amount of cocaine base involved in the overall conspiracy. Moreover, we note that the plea agreement made no such promise.
 
 
 6
 Smith contends his brother Larry was the leader of the organization and therefore he, Anthony, should not have received an additional two points for being a leader-organizer. The district court rejected this contention when it dismissed Smith's motion for a sentence reduction in October of 1992. Smith has not shown that the district court clearly erred. See United States v. Alonso, 48 F.3d 1536, 1546 (9th Cir.1995) (there may be more than one organizer or leader).
 
 
 7
 After the Guidelines were amended to permit a third point for acceptance of responsibility, Smith moved the district court for an additional point. The district court properly rejected that motion in December of 1992. See United States v. Cueto, 9 F.3d 1438, 1440 (9th Cir.1993) (third point for acceptance of responsibility does not apply retroactively).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Smith's motion for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3