**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tomas Dela Cruz ESTEBAN, Defendant–Appellant.**

No. 00–10489.

D.C. No. CR–00–00015–JSU.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Jan. 8, 2002.

Before THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

MEMORANDUM *

Tomas Dela Cruz Esteban appeals his conviction and sentence for attempted importation of methamphetamine, importation of methamphetamine, and conspiracy to import methamphetamine. The facts and prior proceedings are known to the parties; we will not repeat them here, except as necessary.

Esteban argues that the district court abused its discretion when it admitted the drug paraphernalia and drug ledgers into evidence because these items were not relevant. We conclude that the district court acted within its discretion. Both the drug ledgers and the drug paraphernalia were relevant to the issue of intent.

Esteban also argues that the admission of this evidence was contrary to Federal Rule of Evidence 404(b). We review only for plain error on this ground, as it was not properly preserved below. *See U.S. v. Gomez–Norena,* 908 F.2d 497, 500 (9th Cir.1990) ("[A] party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making the *wrong* specific objection." (citations omitted)). At trial, Esteban's only objection to admission of the drug paraphernalia was that it lacked relevance; his only objections to the drug ledgers concerned their relevance and identity. Because the district court could reasonably have found both items of evidence admissible under Rule 404(b) to show intent rather than prior bad acts, it did not commit plain error.

Finally, Esteban argues that the district court committed clear error at sentencing when it applied a four-level leadership en-

---

hancement to the base offense level. There was sufficient evidence to find that Esteban exerted the requisite control by directing a co-conspirator to pick up Zulueta at the airport. There was also sufficient evidence to find that at least five people were involved in the conspiracy to import methamphetamine and in the January attempt to import methamphetamine. *See* U.S.S.G. § 3B1.1 (2000). The district court reasonably determined from these facts that Esteban's combined offense behavior, taken as a whole, justified a leadership enhancement. *See United States v. Cueto,* 9 F.3d 1438, 1441 (9th Cir.1993).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

