**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Larry Ray EAMES, Defendant–Appellant.**

**No. 07–10442.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 24, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel R. Drake, Esquire, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Larry Ray Eames, pro se.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Larry Ray Eames appeals pro se from the district court's order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and to strike the illegal portion of his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Eames contends that the district court erred by denying his motion to reduce his sentence because United States Sentencing Guidelines ("U.S.S.G.") Amendment 634 is a clarifying amendment, which applies retroactively, and not a substantive amendment. However, the list of retroactive amendments set forth by U.S.S.G. § 1B1.10(c) does not include Amendment 634, and therefore a reduction pursuant to 18 U.S.C. § 3582(c)(2) is unauthorized because it would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a); *United States v. Cueto,* 9 F.3d 1438, 1440–41 (9th Cir.1993).

Eames further contends that his sentence is illegal because it exceeds the applicable statutory maximum sentence. This contention fails in light of Eames's conviction for fraud, money laundering, and conspiracy to commit money laundering, for which the combined statutory maximum exceeds the sentence imposed. *See* 18 U.S.C. §§ 1341, 1343, and 1956(a)(1), (h).

Eames finally contends that the district court erred at sentencing by enhancing his sentence under the Guidelines and imposing restitution based on facts not proven to a jury beyond a reasonable doubt. However, such an error would not entitle Eames to relief under 18 U.S.C. § 3582(c)(2), and any claim based on such an error fails on collateral review. *See United States v. Cruz,* 423 F.3d 1119, 1120–21 (9th Cir.2005) (per curiam); *United States v. Bussell,* 414 F.3d 1048, 1060 (9th Cir.2005).

Eames's motion for leave to file a supplemental brief, filed on June 20, 2008, is granted. The Clerk shall file the supplemental brief received on June 9, 2008.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.